REVELL, Respondent, v. REVELL, Appellant.

(241 N. W. 746.)

(File No. 7231. Opinion filed March 29, 1932.)

*Francis J. Parker,* of Deadwood, for Appellant.

*Rice & Bettelheim* and *Hayes & Hayes,* all of Deadwood, for Respondent.

RUDOLPH, J. By decree of the circuit court of Lawrence county, entered on March 17, 1916, the plaintiff and defendant

were divorced. The divorce was granted the plaintiff (the husband) for an offense of the defendant (the wife). The decree awarded the defendant the custody of three minor children. There was also a provision in the decree providing that the plaintiff pay to the defendant a certain sum of money each month. This provision of the decree providing for the monthly payment is ambiguous, in that it is susceptible of being construed as follows: First, that the monthly payment, provided therein, should be paid by the plaintiff to the defendant until the children of the parties reach their majority; second, that the monthly payment should be paid by the plaintiff to the defendant until the defendant remarries, regardless of the facts of the minority of the children. The plaintiff made the monthly payments, provided for in the decree, until the youngest child of the parties became of age on the 26th day of February, 1930. The plaintiff refused to make any further payments. This proceeding was started before the same trial judge who entered the decree of divorce, and there was issued, herein, an order directed to the plaintiff, ordering him to show cause why he should not be punished for contempt for his failure to continue the monthly payment to the defendant. The defendant has not remarried. The trial court after a hearing entered an order exonerating the plaintiff "from all contempt in the premises." The trial court determined that the decree provides for the monthly payment to the defendant only until the majority of the children, and that the plaintiff had fully complied with the terms of the decree. The defendant appealed.

This is a contempt proceeding. The provision of the decree which is the basis of the alleged contempt is ambiguous. The trial court, who entered the decree and against whom the contempt is alleged to have been committed, has placed upon the ambiguous portion of the decree the same construction as the plaintiff. The decree is reasonably susceptible of the construction placed upon it by the plaintiff and the trial court. This being true, there is no basis for the alleged contempt.

The order appealed from is affirmed.

CAMPBELL, P. J., and ROBERTS and WARREN, JJ., concur.

POLLEY, J., not sitting.